IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*Martha Gould-Lehe, Individually, and as Legal Guardian of John Lehe v.*
*United States of America*
Case No. 3:21-cv-00265-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant United States Motion for Reconsideration of the Court's Order at Docket 19 (the "Motion"), which granted Plaintiff Martha Gould-Lehe's Motion to Extend Expert Report Deadline (the "Motion to Extend").[1] The United States asserts that Gould-Lehe does not meet the requirements of "good cause" under Federal Rule of Civil Procedure ("Rule") 16(b)(4), advancing several arguments as to why the Court should "deny Plaintiff's motion to the extent it requests a 4-week extension" of the expert rebuttal report deadline.[2]

Gould-Lehe filed the Motion to Extend on an expedited basis on December 14, 2022, requesting 26 additional days to submit expert rebuttal reports, originally due on December 28, 2022.[3] Gould-Lehe justified this request by explaining that "[s]ome of plaintiffs' expert witnesses are away on holiday and unable to complete their reports by that deadline. They require 26 additional days to complete their rebuttal reports."[4] Gould-Lehe noted that the Government opposed the length of this requested extension and had "agreed to extend the deadline by only two weeks, to January 11, 2023."[5] Gould-Lehe asserted that the Government's proposed extension would not be feasible because not "all of Plaintiffs' experts can[] complete their rebuttal reports by January 11, 2023" and that granting a 4-week extension would not prejudice the Government.[6]

In the Motion, the Government contends that the Court committed a "manifest error" when it granted the Motion to Extend because Gould-Lehe failed to exercise diligence as required by Rule 16(b)(4). The Government argues that "Plaintiff knew Defendant's proposed deadlines landed during the holidays at the time the Rule 26(f) report was submitted . . . [y]et Plaintiff did not raise this point in the Report or object at the hearing."[7] The Government contends that Gould-Lehe has

---

[1] Dkt. 20 (Motion for Reconsideration); Dkt. 21 (Opposition); Dkt. 22 (Declaration); Dkt. 24-1 (Transcript); *see also* Dkt. 14 (Motion to Extend); Dkt. 19 (Text Order).
[2] Dkt. 13 (Scheduling & Planning Order); Dkt. 21 at 6.
[3] Dkt. 14; Dkt. 15 (Motion for Expedited Consideration); Dkt. 16 (Declaration).
[4] Dkt. 15 at 2.
[5] *Id.*
[6] Dkt. 16 at 2.
[7] Dkt. 21 at 5; Dkt. 22 at 2–3; *see* Dkt. 24-1.

1

failed to demonstrate good cause because she has not provided "crucial details about [their] experts' unavailability."[8]

A motion to reconsider is an "extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[9] Under Local Civil Rule 7.3(h), the Court "will ordinarily deny a motion for reconsideration absent a showing of one of the following: (A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in the law."[10]

Rule 16(b)(4) provides that a trial "schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."[11] "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."[12] To demonstrate "diligence," a movant may be required to show "(1) that she was diligent in assisting the Court in creating a workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order."[13]

The Court has carefully considered the parties' briefing and concludes that there is no valid basis to reconsider the Motion. Although the Court issued this case's Scheduling & Planning Order in July 2022, it is reasonable for a party to ask for a four-week extension in order to accommodate the deadlines of its various expert witnesses due to unforeseeable complications of the holiday season. Gould-Lehe's communication with the Government and expedited nature of the Motion to Extend demonstrate diligence in seeking amendment when "it became apparent that [they] could not comply."[14] As such, the Court determined that Gould-Lehe satisfies the "good cause" requirement to modify this deadline by 26 days.

The Court is sensitive, however, to any future prejudice that may befall the Government as a result of the two-week difference between its proposed extension deadline and the one proposed by Gould-Lehe. If appropriate in the future, the Government may file a Motion with the Court

---

[8] Dkt. 21 at 5.
[9] *Big State Logistics, Inc. v. Gov't Servs. Corp.*, No. 4:13-cv-00029, 2014 WL 12526313, at *1 (D. Alaska March 28, 2014); *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).
[10] L.Civ.R. 7.3(h)(1).
[11] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).
[12] *Id.* at 609; *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015).
[13] *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1072 (D. Or. 2010), as amended (May 13, 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)); *see also In re Kolb*, No. ADV 4:10-AP-2034-EWH, 2014 WL 99085, at *4 (D. Ariz. Jan. 10, 2014) (same).
[14] *Chao*, 709 F. Supp. 2d at 1072.

requesting relief from any resulting scheduling obstacles. Accordingly, Plaintiffs' Motion for Reconsideration at Docket 20 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: December 23, 2022.