IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

*Martha Gould-Lehe, Individually, and as Legal Guardian of John Lehe v.
United States of America*
Case No. 3:21-cv-00265-TMB

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

This matter comes before the Court on Defendant United States of America's (the "Government") Motion to Preclude Dr. Ramin Zand, M.D. at Docket 28 (the "Motion").[1] The Government seeks to preclude expert witness Dr. Zand from Plaintiffs' expert witness list; in the alternative, the Government asks the Court to "issue a new scheduling order that allows Defendant sufficient time to find and retain a reciprocal expert in neuroimaging in response."[2] Plaintiffs oppose the Motion.[3] For the reasons stated below, the Motion is **GRANTED in part** and **DENIED in part**.

### A. Background

On December 8, 2021, Martha Gould-Lehe filed a Complaint against Alaska Native Medical Center on behalf of herself and her husband John Lehe.[4] In this Federal Tort Claims Act case, Plaintiffs allege two causes of action: (1) Negligence and Recklessness, and (2) Loss of Spousal Consortium.[5]

On July 19, 2022, the Court issued a Scheduling and Planning Order (the "Scheduling Order"), setting a trial date for October 2, 2023.[6] The parties initially complied with the expert witness deadlines set out in the Scheduling Order:

- **On August 26, 2022:** The parties identified expert witnesses.[7]
- **On September 9, 2022:** The parties identified "responsive supplemental expert witnesses."[8]

---

[1] Dkt. 28 at 2 (Motion to Preclude).
[2] *Id.*; Dkt. 32 at 6 (Reply).
[3] Dkt. 30 (Opposition).
[4] Dkt. 1 (Complaint).
[5] *Id.* at 7–8; *see also* ALASKA STAT. § 09.55.530–560.
[6] Dkt. 13 (Scheduling & Planning Order); Dkt. 23 (Transcript).
[7] *See* Dkt. 13 at 4 ("Expert witnesses shall be identified by each party on or before **August 26, 2022,** and each party may identify responsive supplemental expert witnesses within **14** days thereafter.") (emphasis in original); Dkt. 28-1 (Exhibit – Plaintiffs' Expert Witness Identification).
[8] Dkt. 13 at 4; Dkt. 28-2 (Exhibit – Plaintiffs' Supplemental Expert Witness Identification).

1

- **On September 26, 2022**: Plaintiffs disclosed their expert reports.[9]
- **November 26, 2022**: Defendant disclosed its expert reports.[10]

The Scheduling Order required Plaintiffs to disclose their expert witness rebuttal reports by December 28, 2022. However, on December 14, 2022, Plaintiffs filed an expedited Motion to Extend this deadline, requesting a 26-day extension because certain expert witnesses were unable to complete their reports due to the winter holidays.[11] The Government opposed this motion.[12] The Court granted the Motion to Extend and reset Plaintiffs' expert rebuttal report deadline to January 23, 2022, without modifying the Scheduling Order's remaining dates.[13]

On January 31, 2023, the Government filed the Motion, claiming that Plaintiffs violated Federal Rule of Civil Procedure 37(c)(1) when they untimely disclosed expert witness, Dr. Zand.[14] The Government asserts that, "on January 20, 2023, Plaintiffs provided it with [the document,] 'Plaintiffs' Supplemental Expert Disclosure,'" which "included for the first time the name of Dr. Ramin Zand, a professor of neurology, board-certified in neurology, vascular neurology, and neuroimaging."[15] Plaintiffs oppose the Motion. On February 22, 2023, Plaintiffs requested oral argument, which the Court granted.[16] Oral argument was heard on March 14, 2023.[17] This matter is ripe for resolution.[18]

### B. Motion to Preclude

In the Motion, the Government argues that Plaintiffs should be precluded from using Dr. Zand as an expert witness because Plaintiffs failed to identify Dr. Zand by the "responsive supplemental expert witness" deadline of September 9, 2022.[19] In its Reply, the Government clarifies that, if the Court does not find Dr. Zand's preclusion to be appropriate, the Court should "issue a new scheduling order that allows Defendant sufficient time to find and retain a reciprocal expert in neuroimaging in response."[20] In support of Dr. Zand's preclusion, the Government states that Plaintiffs have failed to establish a substantial justification for Dr. Zand's untimely inclusion or to

---

[9] Dkt. 28-3 (Plaintiffs' Expert Witness Disclosure).

[10] Dkt. 13 at 4; Dkt. 28 at 3.

[11] Dkt. 14 (Motion for Extension of Time).

[12] Dkt. 20 (Motion for Reconsideration).

[13] Dkt. 19 (Text Order Granting Motion to Extend). After granting the Expedited Motion to Extend, the Government filed a Motion for Reconsideration, which the Court denied. Dkt. 20; Dkt. 21 (Response); Dkt. 22 (Declaration of AUSA Marie Scheperle); Dkt. 25 (Order Denying Motion for Reconsideration).

[14] Dkt. 29 at 2 (Declaration of Dustin M. Glazier); Dkt. 28-4 (Plaintiffs' Supplemental Expert Witness Disclosure).

[15] Dkt. 28 at 3 (citation omitted); Dkt. 28-4 (Plaintiffs' Supplemental Expert Disclosure); Dkt. 28-5 (Curriculum Vitae).

[16] Dkt. 33 (Motion for Oral Argument); Dkt. 34 (Text Order).

[17] Dkt. 38 (Minute Entry).

[18] *See* Dkt. 28; Dkt. 30; Dkt. 32.

[19] Dkt. 13 at 4.

[20] Dkt. 32 at 6.

2

establish that Dr. Zand's inclusion is harmless, as Federal Rule of Civil Procedure ("Rule") 37(c)(1) requires.[21]

In opposition, Plaintiffs argue that: (1) "Dr. Zand is being offered to rebut the Government's neurologist, Dr. Chitra Venkatasubramanian, M.D.," and; (2) "despite its claims to the contrary, the Government is in no sense surprised that [Plaintiffs are] proffering a rebuttal to Dr. Venkatasubramanian's theories."[22]

In reply, the Government asserts that Plaintiffs "already have two, timely identified expert witnesses" who "expressly rebut" the opinions proffered by Dr. Venkatasubramanian.[23] The Government contends that based on Plaintiffs' argument that Dr. Zand was a timely-introduced expert witness, "any expert could be added at the rebuttal stage—without prior identification—as long as they refute some portion of the opposing party's expert reports."[24]

### C. Legal Standard

Rule 26 governs the identification of lay and expert witnesses, requiring parties to disclose the identities of each expert and their written reports. "Absent other direction from the court, a rebuttal report shall be filed 'within 30 days after the disclosure' of the evidence that the expert is assigned to rebut."[25]

Under Rule 37(c)(1):

> if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was *substantially justified or is harmless*.[26]

The Ninth Circuit recognizes four guiding factors in determining whether substantial justification or harmlessness exist, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence."[27]

---

[21] *Id.* at 6–10.
[22] Dkt. 30 at 1–2.
[23] Dkt. 32 at 4.
[24] *Id.* at 3.
[25] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 26(a)(2)(C)).
[26] Fed. R. Civ. P. 37(c)(1) (emphasis added).
[27] *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022) (citing *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017)) (quotations omitted) (holding that "the district court abused its discretion because it completely failed to consider whether any defect in the Brodeur disclosures was harmless or substantially justified before imposing sanctions. Instead, it simply concluded that 'I may exclude from trial any evidence that is not within the scope of the Rule 26(a) disclosures.'").

3

Rule 37 indicates that "consideration must be given to the harm, if any, caused by the alleged failure."[28] This rule is a "self-executing," "automatic" sanction that is "designed to provide a strong inducement for disclosure."[29]

"Exclusion sanctions are not a foregone conclusion if substantial justification or harmlessness have not been established, however. 'Rule 37(c)(1) does not require the court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified nor harmless.'"[30] "Absent a showing of bad faith or other misconduct, courts are leery of imposing the harsh sanction of exclusion absent a significant possibility of prejudice due to the untimeliness of the disclosure."[31]

Ultimately, the district court is entrusted with "particularly wide latitude" in exercising its discretion to impose sanctions under Rule 37(c),[32]

> recogniz[ing] the strong preference for deciding cases on the merits whenever reasonably possible. . . . [T]he initial disclosure requirements are meant to provide necessary information to create a balanced playing field, and sanctions serve as a deterrent to parties seeking to avoid those obligations. These rules should not be viewed as procedural weapons through which parties seek to gain a tactical litigation advantage. The focus of defense counsel should be "work[ing] out agreements that will reasonably permit them to respond to newly disclosed evidence and defend the claims on the merits," rather than automatically resorting to motions for exclusion sanctions.[33]

### D. Discussion

In consideration of the Motion, the parties' briefing, and arguments presented, the Court finds that Dr. Zand's preclusion would be inappropriate at this juncture, preferring instead that the parties propose modifications to the Scheduling Order so as to remedy Dr. Zand's untimely inclusion.

The Court reaches this conclusion for four reasons: (1) any prejudice or surprise to the Government caused by Dr. Zand's inclusion may be remedied by a scheduling modification; (2) the Government had the opportunity to cure any alleged prejudice prior to filing the Motion; (3) a modification of the Scheduling Order will avoid any threat of disrupting trial; and (4) there is no evidence of Plaintiffs' bad faith or willfulness related to this untimely disclosure.[34]

---

[28] *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012).
[29] *Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quoting Fed. R. Civ. P. 37 Advisory Committee Note (1993)).
[30] *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017) (quoting *Jackson v. United Artists Theatre Cir., Inc.*, 278 F.R.D. 586 (D. Nev. 2011)).
[31] *Id.* at 243.
[32] *See Yeti by Molly*, 259 F.3d at 1106.
[33] *Silvagni*, 320 F.R.D. at 243 (citations omitted) (quoting *Jones v. Wal-Mart Stores, Inc.*, No. 2:15-cv-1454-LDG-GWF, 2016 WL 1248707, at *7 (D. Nev. Mar. 29, 2017)).
[34] *See Brodeur*, 41 F.4th at 1192.

4

First, any prejudice or surprise to the Government may be assuaged through an extension to the expert witness discovery deadlines. In the Motion, the Government argues that it was "surprised by Plaintiffs' late designation and will be prejudiced. That prejudice cannot be easily cured. Not only are the deadlines long past, but there is no way for the United States to go back in time, knowing Dr. Zand's proposed testimony, and make different litigation decisions."[35] The Court disagrees. Although Dr. Zand's inclusion violated both the Scheduling Order and Rule 37(c)(1), this late designation does not pose an insurmountable obstacle to the Government that requires preclusion, as opposed to an extension to the discovery deadlines. The Government appears to concede as much in its Reply.[36] In consequence, the Court finds that any potential prejudice to the Government is best addressed through discovery deadline modifications.

Second, the Government had the ability to cure any prejudice caused by the Plaintiffs before involving the Court in this dispute. At oral argument, both the Government and Plaintiffs admitted that neither party had attempted to resolve this issue before the Government filed the Motion.[37] The Court reiterates that in discovery disputes the parties should always strive to "'work out agreements that [would] reasonably permit them to respond to newly disclosed evidence and defend the claims on the merits,' rather than automatically resorting to motions for exclusion sanctions."[38] The exclusion of a witness is an extreme measure that the Court does not take lightly. Because the parties did not attempt to resolve this matter before bringing it to the Court's attention, and because any potential prejudice may be alleviated through the modification of the Scheduling Order, preclusion is not warranted.

Third, trial has been set for October 2, 2023; the parties still have approximately nine months to prepare for this event.[39] Considering that it is likely this trial date will be modified by the parties to afford the Government the sufficient time to respond to Dr. Zand's rebuttal report, Dr. Zand's late inclusion does not disrupt trial and this consideration weighs against Dr. Zand's preclusion.

Fourth and finally, the Court does not find any evidence of Plaintiffs' bad faith or willfulness, nor does the Government assert as much.[40] The Court recognizes that "[a]bsent a showing of bad faith or other misconduct, courts are leery of imposing the harsh sanction of exclusion absent a significant possibility of prejudice due to the untimeliness of the disclosure."[41] Because Plaintiffs do not appear to have acted in bad faith or to have engaged in other misconduct, and because there is no "significant possibility of prejudice" if the Court allows the parties to modify the Scheduling Order, this consideration also heavily weighs against Dr. Zand's preclusion.

---

[35] Dkt. 28 at 9.

[36] Dkt. 32 at 6 ("[T]he Court should strike Dr. Ramin Zand from Plaintiffs' expert witness list, or in the alternative the Court should issue a new scheduling order that allows Defendant sufficient time to find and retain a reciprocal expert in neuroimaging in response.").

[37] Dkt. 38.

[38] *Silvagni*, 320 F.R.D. at 243 (citation omitted).

[39] Dkt. 13.

[40] Dkt. 28 at 10 n.1 (noting that the Government "does not take a position on whether Plaintiffs acted in bad faith or willfully in failing to timely disclose Dr. Zand").

[41] *Silvagni*, 320 F.R.D. at 243.

In conclusion, Plaintiffs' untimely inclusion of Dr. Zand may be rendered harmless with a new scheduling order that will allow the Government "sufficient time to find and retain a reciprocal expert in neuroimaging in response."[42] Consequently, the Motion at Docket 28 is **GRANTED in part** and **DENIED in part**.

As specified at oral argument, the Court directs the parties to meet and confer, and file a joint status report with agreed-upon date extensions **on or before March 22, 2023**.[43]

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: March 20, 2023.

---

[42] Dkt. 32 at 6.
[43] Dkt. 38.